J-S51011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROMANUS MILES | |
| Appellant | No. 1168 EDA 2015 |

Appeal from the PCRA Order April 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1122251-1992;
CP-51-CR-1122253-1992; CP-51-CR-1224861-1992

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 21, 2015**

Appellant, Romanus Miles, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On July 12, 1993, a jury convicted Appellant of multiple charges of robbery, aggravated assault, criminal conspiracy, and carrying firearms in public in Philadelphia.  The court sentenced Appellant on December 14, 1993.[1]  This Court affirmed the judgment of sentence on March 5, 1996, and our Supreme Court denied allowance of appeal on October 24, 1996.  ***See***

_____

[1] The record is unclear whether Appellant is currently serving an aggregate sentence of 20 to 40 or 25 to 50 years' imprisonment.

_____

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v Miles***, 678 A.2d 831 (Pa.Super. 1995), *appeal denied*, 546 Pa. 664, 685 A.2d 544 (1996).

Appellant timely filed his first PCRA petition *pro se* on November 27, 1996. The PCRA court permitted Appellant to proceed *pro se* and denied his petition on December 5, 2001. This Court affirmed, and our Supreme Court denied allowance of appeal. ***See Commonwealth v. Miles***, 821 A.2d 134 (Pa.Super. 2003), *appeal denied*, 577 Pa. 733, 848 A.2d 928 (2004).

Appellant filed the current PCRA petition *pro se* on July 16, 2014. The PCRA court issued Rule 907 notice, and Appellant responded *pro se*. The PCRA court dismissed Appellant's petition on April 7, 2015. Appellant timely filed a notice of appeal on April 16, 2015. The PCRA court did not order Appellant to file a Rule 1925(b) statement, and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty

days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on January 22, 1997. Appellant filed his current petition on July 16, 2014, more than 17 years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Nevertheless, this Court has ruled *Alleyne* is applicable only to criminal cases still pending on direct review. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). Moreover, Appellant failed to file his petition within 60 days of the *Alleyne* decision on June 17, 2013. *See* 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2015